IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20236
Summary Calendar

_____

CHRISTINE PAIGE,

Plaintiff-Appellant,

versus

GARY COCHRAN; CITY OF BAYTOWN,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-96-CV-978
_____
April 7, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Christine Paige appeals the district court's grant of judgment as a matter of law dismissing her 42 U.S.C. § 1983 claims against the City of Baytown. Paige contends that Baytown failed to conduct an adequate investigation of her complaint that a Baytown police officer, Gary Cochran, raped her.

This court reviews a judgment as a matter of law *de novo*. See Burch v. Coca-Cola Co., 119 F.3d 305, 313 (5th Cir. 1997). Judgment as a matter of law is proper only when "there is no legally sufficient evidentiary basis for a reasonable jury to find

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for that party on that issue." FED.R.CIV.P. 50(a)(1). The record is reviewed in the light most favorable to the party opposing the motion. See Burch, 119 F.3d at 313.

A municipality may be liable under 42 U.S.C. § 1983 for the actions of non-policymaking employees only if those actions were taken pursuant to an official policy of the municipality. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Paige contends, however, that § 1983 provides an independent cause of action against a municipality for failure to investigate constitutional misconduct by police officers. We need not reach this issue. Regardless of whether such a cause of action exists, and regardless of what standard we might apply in determining what constitutes an adequate investigation, the district court's decision was correct; no reasonable factfinder could have found that Baytown failed to investigate or that the investigation was so inadequate as to rise to the level of a constitutional violation. FED.R.CIV.P. 50(a)(1). Further, there is no evidence of any Baytown policy to conduct inadequate investigations of alleged constitutional violations by its personnel. Accordingly, we AFFIRM the judgment of the district court.

A F F I R M E D.